825 F.2d 407
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LIGHTFOOT SELF-SERVICE, INC., t/a Lightfoot Community
Market, Plaintiff-Appellant,
v.
EXXON CORPORATION, Defendant-Appellee.
 No. 87-3002
 United States Court of Appeals, Fourth Circuit.
 Argued June 2, 1987.
Decided July 21, 1987.
 
 Richard D. Caplan (Harry J. Kostel, Jones, Blechman, Woltz & Kelly, P.C., on brief), for appellant.
 Robert Martin Rolfe (Lawrence J. Bracken, II, Hunton & Williams, on brief), for appellee.
 Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal involves the application of the Virginia Petroleum Products Franchise Act (VPPFA), Va. Code Sec. 59.1-21.8 et seq., to a dispute between a local retailer of petroleum products and one of the major national oil companies. When the local retailer sought an injunction under the Act to prevent the major oil company from operating a competing retail outlet within a distance proscribed by the Act, the district court gave summary judgment for the major oil company defendant. We affirm.
 
 
 2
 * Lightfoot Self-Service, Inc. (Lightfoot), appellant here, retails petroleum products and other items at the Lightfoot Community Market located in York County, Virginia. Until 1982, Lightfoot sold Gulf products; from 1982 to the present it has sold Chevron products. Lightfoot purchased all of these petroleum products from the same independent distributor.
 
 
 3
 In 1985, when Exxon Corp., appellee here, began operating a major brand retail outlet selling petroleum products near the Lightfoot Community Market, Lightfoot brought this action in the Circuit Court for the County of York for Exxon's alleged violation of the VPPFA. Lightfoot claimed that Exxon's placement of its new service station within one and one-half miles of the Lightfoot Community Market violated the Act and entitled Lightfoot to damages and injunctive relief. The action was removed to the U.S. District Court for the Eastern District of Virginia, where the court granted Exxon's motion for summary judgment, holding that Lightfoot forfeited any protection afforded to franchise dealers under the Act when it failed to register its 'franchise dealership' as required under the Act. This appeal followed.
 
 II
 
 4
 The VPPFA reflects the Virginia General Assembly's recognition 'that since the distribution and sales through franchise arrangements of petroleum products . . . vitally affects the economy of the state, the public interest, welfare, and transportation, it is necessary to define the relationships and responsibilities of the parties to certain agreements pertaining thereto.' Va. Code Sec. 59.1-21.9. Section 59.1-21.16:2(A) of the Act provides that
 
 
 5
 After July 1, 1979, no producer or refiner of petroleum products shall operate any major brand, secondary brand or unbranded retail outlet in the State of Virginia with company personnel, a parent company or under a contract with any person, firm, or corporation, managing a service station on a fee arrangement with the producer or refiner; provided, however, that such producer or refiner may operate such retail outlet with the aforesaid personnel, parent, person, firm or corporation if such outlet is located not less than 1-1/2 miles, as measured by the most direct surface transportation route, from the nearest retail outlet operated by any franchised dealer; and further provided, that once in operation, no producer or refiner shall be required to change or cease operation of any retail outlet by the provisions of this section.
 
 
 6
 The Act specifically provides for civil enforcement actions, with violators subject to $500 in liquidated damages and any other legal or equitable remedies. Va. Code Sec. 59.1-21.12. Subsection (C) of the same provision further provides that '[t]he Secretary of Commerce and Resources shall adopt rules or regulations . . . (iv) requiring each franchise dealer to file a listing of any retail outlets operated by such franchise dealer, and to keep such list current.' Pursuant to this authority, Regulation III of the 'Rules and Regulations for the Enforcement of the Virginia Petroleum Products Franchise Act' provides that franchise dealers 'shall' provide franchise information 'not later than August 31, 1979' and that '[f]ailure to register as provided may mean loss of protection provided by' the VPPFA or its rules and regulations.
 
 
 7
 Exxon's motion for summary judgment advanced two fundamental challenges to Lightfoot's claim in addition to the one relied on by the district court. First, Exxon observed that the VPPFA was apparently designed solely to regulate the dealings between a producer or refiner and its own franchise dealers. Since Lightfoot has never even marketed Exxon products, much less enjoyed an Exxon franchise, Exxon argued to the district court that Lightfoot's claim represented an effort to manipulate the VPPFA to restrain interbrand competition. Second, Exxon argued that the VPPFA by its terms protects only 'franchised dealers,' and Lightfoot, since it purchases its products from an independent distributor, and not directly from a producer or refiner, is not covered by the Act.
 
 
 8
 Like the district court, we find these two arguments plausible, but are reluctant to fashion an opinion answering fundamental questions about a Virginia statute which the Virginia courts have never resolved. Like the district court, we find that, even accepting Lightfoot's interpretation of the VPPFA and its assertion that it enjoys a 'franchise dealership' of some sort, its claim is barred by its admitted failure to register with the state as a 'franchise dealer.' Regulation III of the 'Rules and Regulations' for the Act provides that failure to register 'may mean loss of protection provided by' the VPPFA. While Lightfoot argues that the word 'may' in the regulation leaves an opening through which it can assert its claim, the statute itself unequivocally commands the Secretary of Commerce and Resources to adopt 'rules or regulations . . . requiring each franchise dealer to file a listing of any retail outlets operated by such franchise dealer, and to keep such list current.' Va. Code Sec. 59.1-21.12(c). We agree with the district court that registration as required by the Act is a precondition to the private cause of action it creates. Since Lightfoot did not register, it could not benefit from any protection the Act might provide. The judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.